Pool *vs.* McCrary et al.

No 53.—MATTHEW K. POOL, plaintiff in error, *vs.* TIMOTHY G. MCCRARY, WILLIAM P. COLEMAN and MILLY COLEMAN, defendants in error.

Although an instrument contains, at the foot of it, a memorandum specifying the mode in which it may be discharged, still, if it be for a sum certain, payable, absolutely and unconditionally, on a day fixed on the face of it, it is a good negotiable promissory note, and may be declared on as such.

This was an action, tried upon a general demurrer to the declaration, on the appeal, before Judge Alexander, in the Superior Court of the county of Muscogee, at May Term, 1846. The action was originally brought to the Inferior Court of said county, and was demurred to and dismissed on an alleged insufficiency in the declaration, which is as follows :

GEORGIA, } To the Honorable the Inferior Court of said county :
*Muscogee County.*

The petition of Matthew K. Pool, who sues to and for the use of John S. Thomas, respectfully showeth, that Timothy G. McCrary, William P. Coleman, and Milly Coleman, of said county, are justly indebted to your petitioner in the sum of one thousand dollars, besides interest : For that whereas, said defendants heretofore, to wit : on the ninth day of August, in the year of our Lord eighteen hundred and forty-three, to wit, in the county aforesaid, made and delivered to your petitioner their certain instrument in writing, commonly called a promissory note, the date whereof is the day and year aforesaid, and which is now here shown to the court, whereby they promised to pay M. K. Pool, [meaning and intending your petitioner,] or bearer, on the first day of January, then next, one thou-

sand dollars for value received, [written "rec'd,"] which might be dis-charged, by releasing the said Pool [meaning your petitioner] from an endorsement [meaning and intending of your petitioner] on a note, made by W. W. Pool to the Central Bank of Georgia, for fourteen hundred dollars, dated on the 27th [meaning and intending on the twenty-seventh day of] December [then] last, [past,] and running to maturity, said note also endorsed by Robert McCrary.   And your petitioner avers, that said note, on which was said endorsement of your petitioner, was not for said sum of fourteen hundred dollars, and dated on said twenty-seventh day of December, then last, to wit, eighteen hundred and forty-two, as, by mistake, erroneously described in the note herein set forth and sued upon, made by said defendants, [and here shown to the court,] but was for the sum of fourteen hundred and eighty dollars, and dated on the fourth day of May, eighteen hundred and forty-three; and your petitioner further avers, that neither said defendants, nor any one else, have released him from his said endorsement, nor is he released from his liability on the same, or any part thereof; but that he is still bound thereon, and is now impleaded before this honorable court for his liability on the same. And your petitioner avers further, that said note, herein specified and set forth, has not been discharged by releasing said Pool, your petitioner, from his said endorsement on said note, made by the said William W. Pool to the Central Bank of Georgia, for fourteen hundred dollars, nor by releas-ing said Pool, your petitioner, from any other note on which he was endorser, made by said William W. Pool to the Central Bank of Georgia.

And your petitioner further showeth, that said defendants, heretofore, to wit: on the ninth day of August, in the year of our Lord eighteen hun-dred and forty-three, to wit, in the county aforesaid, made and delivered to your petitioner their certain other instrument in writing, commonly called a promissory note, the date whereof is the day and year last afore-said, [which is here shown to the court,] whereby they promised to pay M. K. Pool, [meaning and intending your petitioner,] or bearer, on the first day of January, then next, one thousand dollars for value received, which might be discharged by releasing the said Pool [meaning and in-tending your petitioner] from an endorsement [meaning and intending of your petitioner] on a note made by W. W. Pool, to the Central Bank of Georgia, for fourteen hundred dollars, dated on the 27th [meaning and intending on the twenty-seventh day of] December [then] last, [past,] and running to maturity, said note also endorsed by Robert McCrary, [meaning and intending that said note was also endorsed by one Robert McCrary.]   And your petitioner avers, that the said note, herein specified, has not been discharged by the releasing of your petitioner from his said endorsement on said note of fourteen hundred dollars, made by said W. W. Pool, to the Central Bank of Georgia, on which your petitioner, and one Robert McCrary are endorsers, nor by releasing your petitioner from any of his endorsements made on any other notes of the said W. W. Pool to the Central Bank of Georgia.   Yet the said defendants, although so liable and indebted, and notwithstanding their said undertaking and promise, have not paid the said sum of money in said note specified, or any part thereof, although thereunto often requested ; but the same to pay, or any part thereof, have hitherto refused, and still do refuse, to the da-mage of your petitioner two thousand dollars.   Wherefore your peti-

Pool *vs.* McCrary et al.

tioner brings suit, and prays that process may issue, requiring the said defendants, personally or by attorney, to be and appear at the next Inferior Court, to be held in and for said county, then and there to answer your petitioner in an action of debt, &c.

THOMAS & DOWNING, Plaintiff's Attorneys.

The court below, after hearing argument upon the said demurrer, dismissed the case for insufficiency of the aforesaid declaration, to which the counsel for plaintiff in error excepted; and assigns for error, that the court below erred in dismissing said cause, for that the declaration aforesaid is good and sufficient in law, and that the instrument sued upon is a promissory note, as set forth in said declaration, and the court below erred in ruling to the contrary.

GRIGSBY E. THOMAS, for the plaintiff in error,

Insisted that the instrument declared on was a promissory note, and the declaration sufficient, and read from *Bayley on Bills*, from page 4 to 14, and the notes; also, 8 *John. Rep.* 485; 9 *ib.* 120; 19 *ib.* 144; 7 *Mass.* 240; *Prin. Dig.* 426; also, *Dudley's Geo. Rep.*

ALFRED IVERSON, for the defendant in error.

The instrument sued upon, being conditional, or in the alternative, giving the maker the election to pay the amount specified, or to discharge a certain other obligation therein described, cannot be considered a promissory note, and must be sued on as a special agreement.— *Story on Bills,* 55 to 57, and cases there cited; *Chitty on Bills,* 154–5; 3 *Kent's Com.* 76; 5 *Comyn's Dig.* 77, tit. "*Merchant;*" 3 *Lord Raym.* 77, cited in 2 *Law Reg.* 1362 and 1396; 5 *Term Reports,* 483.

*By the Court*—LUMPKIN, Judge.

By the statute of *Anne,* a paper was not good, as a promissory note, unless the same was payable in money absolutely and at all events. By the act of this State, it is allowable to make it payable in money, merchandize, or any other thing.

By an examination of the instrument sued on, we hold, that it wants none of the essential qualities of a negotiable note, and that it was right to declare on it as such. It is for the absolute and unconditional payment of one thousand dollars, on a day fixed on the face of it. There is a note or memorandum subjoined to the foot of it, specifying one of the modes in which it may be discharged by the defendants. In the case of *Ogden* vs. *Bacon,* (8 *John. Rep.* ∮85,) A. gave to B. a promissory note, payable to B. or order, and at the same time made an endorsement on the note, that it was to be delivered to B. in consideration of a judgment against C., to be assigned to A. by B.; it was held by the court, that this was a promissory note within the statute, and might be declared on as such, notwithstanding the endorsement, which was merely to show the consideration, *and to operate as notice, to whoever* might purchase the note.

Judgment reversed.